Christopher P. Berka, California Bar No. 94911
CBerka@perkinscoie.com
Winnie W. Hung, California Bar No. 291614
WHung@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Plaintiff
THE BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>AGILENT TECHNOLOGIES, INC., a Delaware Corporation; HEWLETT-PACKARD COMPANY, a California Corporation; HEWLETT-PACKARD COMPANY, a Delaware Corporation; HP INC., a Delaware Corporation; and HEWLETT PACKARD ENTERPRISE CO, a Delaware Corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COST RECOVERY AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, The Board of Trustees of the Leland Stanford Junior University ("Stanford"), alleges as follows:

**NATURE OF THE ACTION**

1.      This action arises as a result of hazardous substances, including polychlorinated biphenyls ("PCBs") and trichloroethylene ("TCE"), having been discharged, disposed of, and released by Defendants onto Stanford's property located at 1601 S. California Avenue, Palo Alto, California (the "Property"). Defendants and their corporate predecessors occupied the property

-1-

under a lease and subleases between 1970 and 2005. During that time, defendants Hewlett-Packard Company, a California Corporation and Hewlett-Packard Company, a Delaware Corporation caused and permitted the discharge, disposal, and release of the hazardous substances onto the Property.  Defendants HP Inc., Hewlett Packard Enterprise Co, and Agilent Technologies, Inc. ("Agilent") are corporate successors to Hewlett-Packard Company and have assumed all assets and liabilities, including the liabilities associated with the contamination of the Property, as alleged herein.  Stanford has had to spend millions of dollars to clean up the contamination left on the Property by Defendants and to obtain the concurrence from the California Department of Toxic Substances Control that, as a result of the remediation, there is no significant risk to future residents.  The need to implement the remediation project caused delays and increased costs associated with Stanford's housing development project, resulting in losses and damages that Stanford seeks to recover in this action.

2. Stanford brings this action under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Section 9607, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613 (1986) (hereafter "CERCLA") to, among other things, recover costs incurred and to be incurred by Stanford to clean up and otherwise respond to the discharge, disposal, and release of hazardous substances on the Property.  Stanford also seeks damages for continuing nuisance because the contamination has interfered with Stanford's use and enjoyment of the Property. Accordingly, Stanford seeks to recover from Defendants compensation for the costs of abating the nuisance and damages for interference with use and enjoyment of the Property. In addition, the conduct was a continuing trespass because it was a wrongful occupation of the Property. Stanford therefore seeks to recover the value of the use of the land, pursuant to California Civil Code Section 3334, by virtue of Defendants' wrongful occupation.

**JURISDICTION AND VENUE**

3. This court has jurisdiction over the Defendants and the questions presented pursuant to Sections 101, 107 and 113 of CERCLA, 42 U.S.C. Sections 9601, 9607 and 9613,

-2-

and 28 U.S.C. Section 1331.  The court has supplemental jurisdiction of the state law claims. 28 U.S.C. Section 1367.

4. Venue is proper in this judicial district under 42 U.S.C. Sections 9607 and 9613(b), and 28 U.S.C. Sections 1391(b) and (c).  The Property is located in this district, the Defendants reside in and may be found in this district, and the discharge, disposal, and release of hazardous substances, and resulting damage, occurred in this district.

**INTRADISTRICT ASSIGNMENT**

5. Assignment to the San Jose Division of this Court is proper under Civil L. R. 3-2. The action arose in the County of Santa Clara because the Property is located in, and the discharge, disposal, and releases of hazardous substances occurred in, that County.

**THE PARTIES**

6. Plaintiff Stanford is, and at all relevant times was, the fee owner of the Property located at 1601 S. California Ave., Palo Alto, California.

7. Defendant Hewlett-Packard Company, the entity that commenced business operations on the Property in or about 1970, was, at that time, a corporation organized and existing under the laws of the State of California. In or about May 20, 1998, Hewlett-Packard Company, a California Corporation, merged into Hewlett-Packard Company, a Delaware Corporation. As a result of the merger, Hewlett-Packard Company, a Delaware Corporation, succeeded to all of the debts, liabilities, and obligations of the California corporation, including the debts, liabilities, and obligations alleged herein, pursuant to an Agreement and Plan of Merger, the Delaware General Corporation Law, and the California General Corporation Law. On or about November 1, 2015, Hewlett-Packard Company completed a separation process by which it created a new entity, Hewlett Packard Enterprise Co, consisting of certain assets and business operations formerly held by Hewlett-Packard Company.  At or about the same time the separation process was completed, Hewlett-Packard Company changed its name to HP Inc.  HP Inc. continues to be organized and existing under the laws of the State of Delaware. Hewlett Packard Enterprise Co is a corporation organized and existing under the laws of the State of Delaware. Both HP Inc. and Hewlett Packard Enterprise Co are successors in interest to Hewlett-

-3-

Packard Company and have succeeded to all of its debts, liabilities, and obligations. Hereafter, Hewlett-Packard Company, a California corporation, Hewlett-Packard Company, a Delaware corporation, HP Inc., and Hewlett Packard Enterprise Co are collectively referred to herein as "HP." The principal place of business of HP is in Palo Alto, Santa Clara County, California.

8.   Defendant Agilent Technologies, Inc. ("Agilent") is a spinoff from Hewlett-Packard Company. Agilent was incorporated on May 4, 1999 and is organized and existing under the laws of the State of Delaware. Between the date of incorporation and the year 2000, Agilent was an affiliate of HP. Owners of shares of HP received shares of Agilent on or about June 2, 2000.

**FACTS**

9.   On March 1, 1962, Stanford leased the Property to Granger Associates, a California corporation, for a period of fifty-one years, commencing March 1, 1962 and terminating February 28, 2013. On August 12, 1963, Granger Associates assigned the lease to an individual by the name of March Haynes. On that same date, March Haynes subleased the Property to Granger Associates. On May 1, 1970, Granger Associates assigned the sublease to Hewlett-Packard Company. Hewlett-Packard Company commenced operating its business on the Property, pursuant to the sublease, on or about May 1, 1970. On February 11, 1983, Elwood Haynes, successor in interest to March Haynes, sold, assigned, transferred, and set over to Hewlett-Packard Company all right, title, and interest in the lease, after which Hewlett-Packard Company continued to conduct business operations on the Property.

10.   Hewlett-Packard Company assigned the lease to Agilent on or about November 1, 1999. At the time of the assignment, Agilent was an affiliate of Hewlett-Packard Company. Stanford is informed and believes, and on that basis alleges, that Agilent agreed in its 1999 agreements with HP to indemnify HP and to take sole responsibility for responding to Stanford with respect to conditions at the Property, including contamination in the soil. Agilent conducted operations on the property between November 1999 and December 2005.

1        11.     On December 13, 2005, Agilent assigned all right, title and interest in the lease to
2 Stanford and discontinued business operations on the Property.  Thereafter, Stanford leased the
3 property to two tenants.
4        12.     In 2015, Stanford began construction of a housing project on the Property.  During
5 the early phases of the project, Stanford's environmental consultants identified extensive PCB
6 and TCE contamination in the soil and soil vapor.  As a consequence, Stanford incurred and will
7 continue to incur substantial and necessary response costs, within the meaning of Section 101(25)
8 of CERCLA, 42 U.S.C. Section 9601(25), consistent with the National Contingency Plan
9 ("NCP"), 40 C.F.R. Part. 300 *et seq.*, including expenses associated with investigating,
10 characterizing, cleaning up and otherwise removing and remedying the contamination.
11       13.     Stanford's use and enjoyment of the Property has been impaired as a result of the
12 contamination and will continue to be impaired in the future.  In addition, by leaving hazardous
13 substances behind on the Property after their leasehold interests terminated in 2005, Defendants
14 have been wrongfully occupying the Property, entitling Stanford to remedies under California
15 Civil Code Section 3334, including compensation for the value of the use of the Property
16 measured by the greater of the reasonable rental value or the benefits obtained by the Defendants
17 by reason of the wrongful occupation.
18       14.     Defendants, by acting and failing to act, caused and permitted the Property to
19 become contaminated with hazardous substances.  During the time it occupied and operated at the
20 Property, HP spread and dispersed PCBs over substantial portions of the Property while
21 undertaking a grading and construction project in 1987.  HP used large quantities of TCE during
22 the time that it occupied and operated at the Property in the 1970s, causing and allowing
23 substantial amounts to be disposed, discharged, and released into the soil.

# FIRST CLAIM FOR RELIEF

## Cost Recovery Under CERCLA Section 107, 42,

## U.S.C. Section 9607, Against All Defendants

15. Stanford re-alleges and incorporates the allegations in paragraphs 1 through 14 above.

16. Each of the Defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. Section 9601(21).

17. The substances disposed of or otherwise released onto the Property, including those identified in paragraphs 1, 2, 12, 13, and 14, are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. Section 9601(14).

18. The Property is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. Section 9601(9).

19. There was an actual or threatened release of hazardous substances into the environment at and from the Property within the meaning of Sections 101(8) and (22) of CERCLA, 42 U.S.C. Sections 9601(8) and (22).

20. Section 107(a) of CERCLA, 42 U.S.C. Section 9607(a), imposes strict liability without regard to fault on those persons who operated a facility at the time hazardous substances were disposed of, and also upon any person who by contract, agreement, or otherwise arranged for the disposal or treatment, or arranged for the transportation for disposal or treatment, of hazardous substances at a facility.

21. Under CERCLA, "disposal" includes the act of "placing … any hazardous waste into or on any land … so that such … waste may enter the environment." Section 101(29) of CERCLA, 42 U.S.C. Section 9601(29). Pursuant to Ninth Circuit authority, "disposal" within the meaning of CERCLA encompasses both the original introduction of hazardous substances onto land and any dispersal of previously contaminated soil.

22. HP was operator of the Property at the time hazardous substances were disposed of. HP also arranged for the disposal or treatment, or arranged for the transportation for treatment or disposal, of hazardous substances at the Property.

23. Defendants and each of them therefore are liable within the meaning of Section 107 of CERCLA, 42 U.S.C. Section 9607.

24. Defendants and each of them are jointly and severally liable under Section 107 of CERCLA, 42 U.S.C. Section 9607, for all response costs incurred by Stanford, including costs associated with investigation, characterization, removal action, remedial action, and enforcement.

25. The response costs incurred by Stanford were necessary and met the consistency provisions of the NCP.

**SECOND CLAIM FOR RELIEF**

**Continuing Nuisance Against All Defendants**

26. Stanford re-alleges and incorporates the allegations in paragraphs 1 through 25 above.

27. Defendants' actions and failures to act created a condition and permitted a condition to exist that obstructed free use and interfered with the comfortable enjoyment of the Property.

28. The condition substantially interfered with Stanford's use and enjoyment of its land and therefore constituted a nuisance under California Civil Code Sections 3479 and 3480, and common law.

29. The contamination migrated and spread over substantial portions of the Property.

30. The nuisance was a reasonably abatable condition.

31. Stanford did not consent to the conduct of Defendants that resulted in the nuisance.

32. The harm to the Property was serious, and Defendants' conduct provided no significant public benefit in relation to the harm

33. Stanford has suffered harm as a result of the nuisance.

34. Defendants' conduct was a substantial factor in causing the harm to Stanford.

35. Stanford therefore seeks to recover in this action all damages for the harm caused by the nuisance. Because the nuisance has been continuing in nature, Stanford seeks all such damages sustained within the three-year period preceding the filing of this complaint, as well as damages continuing through the date of trial.

## THIRD CLAIM FOR RELIEF

### Continuing Trespass Against All Defendants

36. Stanford re-alleges and incorporates the allegations in paragraphs 1 through 35 above.

37. Intentional or negligent acts of Defendants were a substantial factor in causing hazardous substances to enter the Property and remain on the Property after the lease expired in 2005.

38. Stanford did not give permission for the entry of the substances upon the Property or for the substances to remain on the Property after the expiration of the lease in 2005.

39. As a result of the continuing presence of the substances on the Property after the Defendants' leasehold interests terminated, Defendants have committed a continuing trespass.

40. Stanford has been substantially harmed by the continuing trespass.

41. The trespass was reasonably abatable. Defendants refused to abate it after being requested by Stanford to do so.

42. Under Civil Code Section 3334, the remedy for a continuing trespass includes the value of the use of the Property for the time of the wrongful occupation, as well as the reasonable cost of repair or restoration of the Property to its original condition, and the costs of recovering possession. The value of the use of the Property is, pursuant to Section 3334, the greater of the reasonable rental value of the Property or the benefits obtained by the person wrongfully occupying the Property by reason of the wrongful occupation. Stanford seeks all remedies available under Section 3334.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stanford prays for judgment against Defendants, and each of them for:

1. All costs incurred by Stanford for response, including costs of investigation, characterization, removal action, remedial action, and abatement associated with the hazardous substances;

2. Damages resulting from the presence of hazardous substances on the Property;

3. Compensation for the value of the use of the Property pursuant to California Civil Code Section 3334;

4. Litigation expenses, including attorneys' and expert fees, as provided by California Health and Safety Code Section 25395.85;

5. Pre- and post-judgment interest in accordance with law;

6. Costs of suit; and

7. Such other and further relief as the Court deems appropriate.

DATED: February 23, 2018                **PERKINS COIE LLP**

By: /s/ Christopher P. Berka
Christopher P. Berka, California Bar No. 94911
CBerka@perkinscoie.com
Winnie W. Hung, California Bar No. 291614
WHung@perkinscoie.com

Attorneys for Plaintiff
THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY

# DEMAND FOR JURY TRIAL

Stanford hereby demands trial by jury on all claims so triable.

DATED: February 23, 2018

**PERKINS COIE LLP**

By: /s/ Christopher P. Berka
Christopher P. Berka, California Bar No. 94911
CBerka@perkinscoie.com
Winnie W. Hung, California Bar No. 291614
WHung@perkinscoie.com

Attorneys for Plaintiff
THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY