# EXHIBIT B

1   Christopher P. Berka, Bar No. 94911
    CBerka@perkinscoie.com
2   Meredith R. Weinberg, Washington Bar No. 45713
    MWeinberg@perkinscoie.com
3   Marina A. Gatto, Bar No. 320568
    MGatto@perkinscoie.com
4   PERKINS COIE LLP
    3150 Porter Drive
5   Palo Alto, CA  94304-1212
    Telephone:  650.838.4300
6   Facsimile:  650.838.4350

7   Attorneys for Plaintiff
    THE BOARD OF TRUSTEES OF THE LELAND
8   STANFORD JUNIOR UNIVERSITY

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13  THE BOARD OF TRUSTEES OF THE            Case No. 3:18-cv-01199 VC
14  LELAND STANFORD JUNIOR
    UNIVERSITY,                             **PLAINTIFF'S FIRST SET OF
15                                          INTERROGATORIES TO DEFENDANTS
                     Plaintiff,             HEWLETT-PACKARD COMPANY AND
16                                          HP INC.**
            v.
17
    AGILENT TECHNOLOGIES, INC., et al.,
18
                     Defendants.
19
    AND RELATED CROSS-ACTIONS.
20

21  PROPOUNDING PARTY:     Plaintiff THE BOARD OF TRUSTEES OF THE LELAND
                           STANFORD JUNIOR UNIVERSITY
22
    RESPONDING PARTY:      Defendants Hewlett-Packard Company and HP, INC.
23
    SET NO.                ONE (1)
24

25          Pursuant to Rule 33, Plaintiff The Board of Trustees of The Leland Stanford Junior

26  University ("Stanford"), by its attorneys, hereby requests that Defendants Hewlett-Packard

27  Company and HP, Inc., within thirty (30) days of service, provide written responses to the

28  following interrogatories separately and fully, in writing and under oath, and serve a copy thereof

                                        -1-

on counsel for Stanford.  Each of the following interrogatories are to be read in accordance with the definitions and instructions that follow.

### DEFINITIONS

1.    "STANFORD" means Plaintiff The Board of Trustees of The Leland Stanford Junior University.

2.    "AGILENT" means Defendant Agilent Technologies, Inc.

3.    "HP" means Defendants Hewlett-Packard Company and/or HP Inc.

4.    "IDENTIFY" when used with respect to an individual, means to state the person's full name; present position and work or business affiliation, if known; past work or business affiliation(s), if any, with any party in this matter; and present home address and telephone number.

5.    "IDENTIFY" when used with respect to a governmental or business entity, means to state: the entity's legal name; the name under which it acts; its form (e.g., department, agency, proprietorship, corporation, etc.); its present address; and. its relationship, if any, to any party in this matter.

6.    "IDENTIFY" when used with respect to a document means: to state the date, author, addressee, type of document (e.g., letter); to describe the substance of content of the document; the identity of the last known custodian and location; and if a document is the basis for any allegation of a pleading or assertions in any affidavit relevant in the above-entitled matter, to state such allegations or assertion.

7.    "IDENTIFY" when used with respect to an act or event, means to state: the time and place of the act or event; the nature of the act or event; the name of the person or persons performing or joining in the act or event and their last known addresses; and the names of all persons present or witnessing such act or event and their last known addresses and telephone numbers.

8.    "IDENTIFY" when used with respect to a statement means to state: the time and place where the statement was made; the name of the person who made the statement and his or her last known address; the substance of the statement; the name and last known address of each

-2-

1  person to whom the statement was made; and the name and last known address of all others

2  persons present at the making of the statement.

3       9.    "DESCRIBE" means specific in detail and with particularity the information

4  requested in the interrogatory and not just to provide a summary of the information. It requires,

5  among other things: the inclusion of each date, fact and event that is in anyway relevant to the

6  answer to the individual interrogatory; the identification of each document that contains

7  information that is relevant to the answer to the individual interrogatory; and the identification of

8  each individual with personal knowledge of information requested in the individual interrogatory.

9       10.    "COMMUNICATIONS" means any transmission or exchange of information

10  between two or more persons, orally or in writing, and includes, without limitation, any

11  document, conversation or discussion, whether face to face or by means of telephone, telegram,

12  telex, telecopier, tapes or other sound recordings, electronic mail, text, social media, or other

13  media.

14       11.    "REFLECTING" or "RELATING TO" means respecting, supporting,

15  contradicting, proving, disproving, referring to, stating, describing, recording, noting, containing,

16  mentioning, studying, analyzing, discussing, refuting, rebutting, evaluating, showing, illustrating,

17  associated with, or pertaining or relevant to, the item or subject matter set forth in the request.

18       12.    "TCE" means trichloroethylene.

19       13.    "PROPERTY" means the real property located at 1601 S. California Avenue, Palo

20  Alto, California.

21       14.    "PCBs" means polychlorinated biphenyls.

22       15.    "YOU" and "YOUR" means the entity on whom these Interrogatories are

23  propounded, including persons acting on their behalf, including, but not limited to employees,

24  staff, administrators, board members, agents, representatives, contractors, sub-contractors,

25  investigators, attorneys, and business associates.

26       16.    "GRANGER" means GRANGER Associates, Inc.

27       17.    "GOVERNMENT AGENCY" shall include any federal, state, regional, or local

28  governmental entity.

-3-

**INSTRUCTIONS**

1.       In answering these interrogatories, YOU must furnish all information known or available to YOU, regardless of whether this information is possessed directly by YOU or by YOUR agents, employees, representatives, and/or investigators.

2.       Each of YOUR answers must be as complete and straightforward as the information reasonably available to YOU permits.  If an interrogatory cannot be answered completely, answer it to the extent possible.

3.       If YOU do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to STANFORD.

4.       Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

**INTERROGATORIES**

**INTERROGATORY 1:**

IDENTIFY all COMMUNICATIONS between STANFORD and HP RELATING TO the document at bates range STAN0017817-20, entitled "Assignment and Assumption of Lease."

**INTERROGATORY 2:**

DESCRIBE HP's operations on the PROPERTY throughout the period of its tenancy.

**INTERROGATORY 3:**

DESCRIBE HP's closure of the sump at the PROPERTY that HP refers to as a "plating sump," including but not limited to the removal or decision to leave in place any materials or equipment RELATING TO the sump.

**INTERROGATORY 4:**

IDENTIFY and describe all of HP's uses of PCBs on the PROPERTY, including but not limited to amounts used, locations of uses, and operations for which PCBs were used.

1  **INTERROGATORY 5:**

2      DESCRIBE the activities undertaken by HP RELATING TO the 1987 grading and

3  construction project at the PROPERTY, including but not limited to stockpiling soil, moving soil,

4  offsite disposal, and COMMUNICATIONS with GOVERNMENT AGENCIES.

5  **INTERROGATORY 6:**

6      IDENTIFY and describe all actions taken by HP RELATING TO waste PCBs it created at

7  the PROPERTY, including but not limited to any disposal of such waste PCBs.

8  **INTERROGATORY 7:**

9      IDENTIFY and describe all of HP's uses of TCE on the PROPERTY, including but not

10  limited to amounts used, locations of uses, and operations for which TCE was used.

11  **INTERROGATORY 8:**

12      IDENTIFY and describe all actions taken by HP RELATING TO waste TCE it created at

13  the PROPERTY, including but not limited to any disposal of such waste TCE.

14  **INTERROGATORY 9:**

15      IDENTIFY all fixtures, equipment, materials, machinery, storage, and sumps at the

16  PROPERTY that HP owned during its tenancy.

17  **INTERROGATORY 10:**

18      IDENTIFY all information RELATING TO GRANGER'S alleged use of TCE at the

19  PROPERTY.

20  **INTERROGATORY 11:**

21      IDENTIFY all information RELATING TO GRANGER'S alleged release of TCE at the

22  PROPERTY.

23  **INTERROGATORY 12:**

24      IDENTIFY all information RELATING TO GRANGER'S alleged use of PCBs at the

25  PROPERTY.

26  **INTERROGATORY 13:**

27      IDENTIFY all information RELATING TO GRANGER'S alleged release of TCE at the

28  PROPERTY.

-5-

**INTERROGATORY 14:**

IDENTIFY all information RELATING TO STANFORD'S alleged contribution to contamination at the PROPERTY.

**PERKINS COIE LLP**

DATED: November 2, 2018

By:*/s/ Meredith R. Weinberg*
    Meredith R. Weinberg

Attorneys for Plaintiff
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
UNIVERSITY

## PROOF OF SERVICE

1

2        I, Ruth St. Amant, declare:

3        I am a citizen of the United States and employed in Santa Clara County, California.  I am

4    over the age of eighteen years and not a party to the within-entitled action.  My business address

5    is 3150 Porter Drive, Palo Alto, California  94304-1212.  On November 2, 2018, I served a copy

6    of the within document(s):

7    **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS HEWLETT-
     PACKARD COMPANY AND HP, INC.**

8        ☒    by placing the document listed above in a sealed envelope with postage thereon
9             fully prepaid, the United States mail at Palo Alto, California addressed as set forth
              below.

10       ☒    by transmitting via e-mail or electronic transmission the document listed above to
11            the persons at the e-mail addresses set forth below.

12   Joshua A. Bloom                              Bart Dalton
     jbloom@meyersnave.com                        bdalton@spencerfane.com
13   Steven D. Farkas                             SPENCER FANE LLP
     sfarkas@meyersnave.com                       5700 Granite Parkway, Suite 650
14   Vidya Venugopal                              Plano, TX  75024
     vvenugopal@meyersnave.com                    Telephone:  972-324-0300
15   MEYERS, NAVE, RIBACK, SILVER & WILSON
16   555 12th Street, Suite 1500
     Oakland, CA  94607                           *Attorneys for Nokia of America*
17   Telephone: 510-808-2000                      *Corporation*

18   *Attorneys for Agilent Technologies, and HP*
19   *Inc.*

20       I am readily familiar with the firm's practice of collection and processing correspondence

21   for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

22   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

23   motion of the party served, service is presumed invalid if postal cancellation date or postage

24   meter date is more than one day after date of deposit for mailing in affidavit.

25       I declare that I am employed in the office of a member of the bar of this court at whose

26   direction the service was made.  Executed on November 2, 2018, at Palo Alto, California.

27
                                          _____
28                                              Ruth St. Amant

---