# EXHIBIT C

Christopher P. Berka, Bar No. 94911
CBerka@perkinscoie.com
Meredith R. Weinberg, Washington Bar No. 45713
MWeinberg@perkinscoie.com
Marina A. Gatto, Bar No. 320568
MGatto@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Plaintiff
THE BOARD OF TRUSTEES OF THE LELAND
STANFORD JUNIOR UNIVERSITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>AGILENT TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 3:18-cv-01199 VC<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AGILENT TECHNOLOGIES, INC.** |
| AND RELATED CROSS-ACTIONS. | |

PROPOUNDING PARTY:   Plaintiff THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY

RESPONDING PARTY:   Defendant AGILENT TECHNOLOGIES, INC.

SET NO.   ONE (1)

Pursuant to Rule 33, Plaintiff The Board of Trustees of The Leland Stanford Junior University ("Stanford"), by its attorneys, hereby requests that Defendant Agilent Technologies, Inc., within thirty (30) days of service, provide written responses to the following interrogatories separately and fully, in writing and under oath, and serve a copy thereof on counsel for Stanford.

-1-

Each of the following interrogatories are to be read in accordance with the definitions and instructions that follow.

## DEFINITIONS

1. "STANFORD" means Plaintiff The Board of Trustees of The Leland Stanford Junior University.

2. "AGILENT" means Defendant Agilent Technologies, Inc.

3. "HP" means Defendants Hewlett-Packard Company and/or HP Inc.

4. "IDENTIFY" when used with respect to an individual, means to state the person's full name; present position and work or business affiliation, if known; past work or business affiliation(s), if any, with any party in this matter; and present home address and telephone number.

5. "IDENTIFY" when used with respect to a governmental or business entity, means to state: the entity's legal name; the name under which it acts; its form (e.g., department, agency, proprietorship, corporation, etc.); its present address; and. its relationship, if any, to any party in this matter.

6. "IDENTIFY" when used with respect to a document means: to state the date, author, addressee, type of document (e.g., letter); to describe the substance of content of the document; the identity of the last known custodian and location; and if a document is the basis for any allegation of a pleading or assertions in any affidavit relevant in the above-entitled matter, to state such allegations or assertion.

7. "IDENTIFY" when used with respect to an act or event, means to state: the time and place of the act or event; the nature of the act or event; the name of the person or persons performing or joining in the act or event and their last known addresses; and the names of all persons present or witnessing such act or event and their last known addresses and telephone numbers.

8. "IDENTIFY" when used with respect to a statement means to state: the time and place where the statement was made; the name of the person who made the statement and his or her last known address; the substance of the statement; the name and last known address of each

-2-

person to whom the statement was made; and the name and last known address of all others persons present at the making of the statement.

9. "DESCRIBE" means specific in detail and with particularity the information requested in the interrogatory and not just to provide a summary of the information. It requires, among other things: the inclusion of each date, fact and event that is in anyway relevant to the answer to the individual interrogatory; the identification of each document that contains information that is relevant to the answer to the individual interrogatory; and the identification of each individual with personal knowledge of information requested in the individual interrogatory.

10. "COMMUNICATIONS" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any document, conversation or discussion, whether face to face or by means of telephone, telegram, telex, telecopier, tapes or other sound recordings, electronic mail, text, social media, or other media.

11. "REFLECTING" or "RELATING TO" means respecting, supporting, contradicting, proving, disproving, referring to, stating, describing, recording, noting, containing, mentioning, studying, analyzing, discussing, refuting, rebutting, evaluating, showing, illustrating, associated with, or pertaining or relevant to, the item or subject matter set forth in the request.

12. "TCE" means trichloroethylene.

13. "PROPERTY" means the real property located at 1601 S. California Avenue, Palo Alto, California.

14. "PCBs" means polychlorinated biphenyls.

15. "YOU" and "YOUR" means the entity on whom these Interrogatories are propounded, including persons acting on their behalf, including, but not limited to employees, staff, administrators, board members, agents, representatives, contractors, sub-contractors, investigators, attorneys, and business associates.

16. "GRANGER" means GRANGER Associates, Inc.

17. "GOVERNMENT AGENCY" shall include any federal, state, regional, or local governmental entity.

-3-

## INSTRUCTIONS

1. In answering these interrogatories, YOU must furnish all information known or available to YOU, regardless of whether this information is possessed directly by YOU or by YOUR agents, employees, representatives, and/or investigators.

2. Each of YOUR answers must be as complete and straightforward as the information reasonably available to YOU permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

3. If YOU do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to STANFORD.

4. Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

## INTERROGATORIES

**INTERROGATORY 1:**

IDENTIFY all COMMUNICATIONS between STANFORD and AGILENT RELATING TO the document at bates range STAN0017817-20, entitled "Assignment and Assumption of Lease."

**INTERROGATORY 2:**

DESCRIBE AGILENT's operations on the PROPERTY throughout the period of its tenancy.

**INTERROGATORY 3:**

IDENTIFY and describe all of AGILENT's uses of PCBs on the PROPERTY, including but not limited to amounts used, locations of uses, and operations for which PCBs were used.

**INTERROGATORY 4:**

IDENTIFY and describe all actions taken by AGILENT RELATING TO waste PCBs it created at the PROPERTY, including but not limited to any disposal of such waste PCBs.

**INTERROGATORY 5:**

IDENTIFY and describe all of AGILENT's uses of TCE on the PROPERTY, including but not limited to amounts used, locations of uses, and operations for which TCE was used.

**INTERROGATORY 6:**

IDENTIFY and describe all actions taken by AGILENT RELATING TO waste TCE it created at the PROPERTY, including but not limited to any disposal of such waste TCE.

**INTERROGATORY 7:**

IDENTIFY all fixtures, equipment, materials, machinery, storage, and sumps at the PROPERTY that AGILENT owned during its tenancy.

**INTERROGATORY 8:**

IDENTIFY all information RELATING TO GRANGER'S alleged use of TCE at the PROPERTY.

**INTERROGATORY 9:**

IDENTIFY all information RELATING TO GRANGER'S alleged release of TCE at the PROPERTY.

**INTERROGATORY 10:**

IDENTIFY all information RELATING TO GRANGER'S alleged use of PCBs at the PROPERTY.

**INTERROGATORY 11:**

IDENTIFY all information RELATING TO GRANGER'S alleged release of TCE at the PROPERTY.

**INTERROGATORY 12:**

IDENTIFY all information RELATING TO STANFORD'S alleged contribution to contamination at the PROPERTY.

**INTERROGATORY 13:**

IDENTIFY all documents that were provided to STANFORD or made available for inspection by STANFORD pursuant to Section 4.4 of the May 20, 2004 Option and Purchase Agreement, at bates range STAN0018773-STAN0018815.

DATED: November 2, 2018

PERKINS COIE LLP

By:/s/ *Meredith R. Weinberg*
    Meredith R. Weinberg

Attorneys for Plaintiff
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
UNIVERSITY

## PROOF OF SERVICE

I, Ruth St. Amant, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3150 Porter Drive, Palo Alto, California 94304-1212. On November 2, 2018, I served a copy of the within document(s):

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AGILENT TECHNOLOGIES, INC.**

☒ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document listed above to the persons at the e-mail addresses set forth below.

Joshua A. Bloom
jbloom@meyersnave.com
Steven D. Farkas
sfarkas@meyersnave.com
Vidya Venugopal
vvenugopal@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone:  510-808-2000

*Attorneys for Agilent Technologies, and HP Inc.*

Bart Dalton
bdalton@spencerfane.com
SPENCER FANE LLP
5700 Granite Parkway, Suite 650
Plano, TX  75024
Telephone:  972-324-0300

*Attorneys for Nokia of America Corporation*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 2, 2018, at Palo Alto, California.

_____
Ruth St. Amant

PROOF OF SERVICE (3:18-CV-01199 VC)

141852297.1