# EXHIBIT D

1   Joshua A. Bloom (SBN: 183358)
    jbloom@meyersnave.com
2   Steven Farkas (SBN: 159470)
    sfarkas@meyersnave.com
3   Vidya Venugopal (SBN: 310172)
    vvenugopal@meyersnave.com
4   MEYERS, NAVE, RIBACK, SILVER & WILSON
    555 12th Street, Suite 1500
5   Oakland, California 94607
    Telephone: (510) 808-2000
6   Facsimile:  (510) 444-1108

7   Attorneys for Defendants, Counterclaimants,
    and Third-Party Plaintiffs AGILENT
8   TECHNOLOGIES, INC., and  HP INC.

9               UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11
    THE BOARD OF TRUSTEES OF THE            Case No. 3:18-CV-01199 VC
12  LELAND STANFORD JUNIOR
    UNIVERSITY,                             **DEFENDANT HP INC.'S RESPONSES TO**
13                                          **PLAINTIFF'S INTERROGATORIES (SET**
              Plaintiff and Counter         **ONE)**
14            Defendant,
         v.
15
    AGILENT TECHNOLOGIES, INC., a
16  Delaware corporation; HEWLETT-
    PACKARD COMPANY, a California
17  corporation; HEWLETT-PACKARD
    COMPANY, a Delaware corporation; and HP
18  INC., a Delaware corporation,

19            Defendants and
              Counterclaimants,
20
21  AGILENT TECHNOLOGIES, INC., a
    Delaware corporation; and HP INC., a Delaware
22  corporation,

23            Defendants, Counterclaimants
              and Third-Party Plaintiffs,
24       v.

25  NOKIA OF AMERICA CORPORATION, a
    Delaware  corporation;  and DOES 1 through 25
26  inclusive,

27            Third-Party Defendant.

28

1  PROPOUNDING PARTY:          PLAINTIFF THE BOARD OF TRUSTEES OF THE LELAND

2                              STANFORD JUNIOR UNIVERSITY

3  RESPONDING PARTY:           DEFENDANT HP INC.[1]

4  SET NO.:                    ONE (1)

5

6          Defendant HP Inc. ("HP Inc." or "HP" or "Responding Party"), pursuant to the Federal

7  Rules of Civil Procedure ("FRCP") 26 and 33, hereby responds to the Interrogatories

8  ("Interrogatories" or individually "Interrogatory") propounded by Plaintiff  The Board of Trustees

9  of the Leland Stanford Junior University  ("Stanford" or "Propounding Party") as follows:

10                    **PRELIMINARY STATEMENT AND OBJECTIONS**

11         Nothing in this response should be construed as an admission by Responding Party with

12 respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any

13 characterization or statement of any kind contained in Propounding Party's First Set of

14 Interrogatories.  Responding Party has not completed its investigation of the facts relating to this

15 case, its discovery, or its preparation for trial.  All responses and objections contained herein are

16 based only upon information that is presently available to and specifically known by Responding

17 Party.  It is anticipated that further discovery, independent investigation, legal research and

18 analysis will supply additional facts and add meaning to known facts, as well as establish entirely

19 new factual conclusions and legal contentions, all of which may lead to substantial additions to,

20 changes in, and variations from the responses set forth herein.  The following objections and

21 responses are made without prejudice to Responding Party's right to produce at trial, or otherwise,

22 evidence regarding any subsequently discovered information.  Responding Party accordingly

23

24 _____

25 [1] As Stanford is aware, Hewlett-Packard Company (California) in 1998 merged into Hewlett-
   Packard Company (Delaware), and Hewlett-Packard Company (Delaware) in 2015
26 was renamed HP Inc.  Therefore, Hewlett-Packard Company is not an existing corporate entity,
   and this response is necessarily made on behalf of HP Inc.  Defendants' prior request that Stanford
27 dismiss Hewlett-Packard Company remains outstanding.  For the purposes of this Response, "HP"
   or "HP Inc." shall refer to both HP Inc. and Hewlett-Packard Company.

28

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1    reserves the right to modify and amend any and all responses herein as research is completed and

2    contentions are made.

3           In responding to these Interrogatories, HP Inc. does not concede the relevancy or

4    materiality of the Interrogatories or of the subject matter to which the Interrogatories refer.

5           Plaintiff has also served a separate First Set of Interrogatories on Agilent Technologies,

6    Inc.  To the extent the interrogatories herein seek information from Agilent, Agilent's response is

7    provided in its separate Response to Stanford's First Set of Interrogatories.

8           These responses are made solely for and in relation to this action.  Each response is given

9    subject to all appropriate objections (including, but not limited to, objections concerning

10   competency, relevancy, materiality, propriety, admissibility, attorney-client privilege and attorney

11   work product), which would require the exclusion of any statement contained herein if the

12   Interrogatories were asked of, or any statement contained herein were made by a witness present

13   and testifying in court.  All such objections and grounds are, therefore, reserved and may be

14   interposed at the time of trial.

15          Inadvertent identification or production of privileged writings or information by

16   Responding Party is not a waiver of any applicable privilege.  Production of writings or

17   information does not waive any objection, including, but not limited to, relevancy, to the

18   admission of such writings in evidence.

19          HP Inc. objects to these Interrogatories to the extent that they seek information protected or

20   privileged under the law, whether under the attorney-client privilege, the attorney work product

21   doctrine, or other applicable privilege or protection.  Such information will not be provided.

22          HP Inc. objects to these Interrogatories to the extent that they seek documents that are not

23   within the possession, custody or control of HP Inc.

24          HP Inc. objects to the instructions and definitions set forth in the Interrogatories to the

25   extent they purport to impose obligations beyond those set forth in the Federal Rules of Civil

26   Procedure and applicable law.

27          HP Inc. expressly incorporates each of the foregoing General Objections into each specific

28   objection and response to the Interrogatories set forth below as if set forth in full therein.  HP Inc.

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1  reserves all rights to object on any ground to the use of any of these responses provided in any

2  subsequent proceeding, including the trial of this or any other action.  These general objections are

3  specifically incorporated in each of the responses provided, whether or not separately set forth

4  herein.  Furthermore, when HP Inc. specifically repeats one or more of these general objections in

5  response to a specific Interrogatory, such a specific response shall not be deemed a waiver of these

6  general objections.

7          Without waiver of the foregoing, HP Inc. further responds and objects as follows:

8                                    **OBJECTIONS TO DEFINITIONS**

9          HP Inc. objects to the definition of the terms "YOU" and "YOUR" as vague and

10  ambiguous and not tailored to the claims and defenses in this case, particularly regarding the terms

11  "agents," "representatives," and the phrase "persons acting on their behalf."  The definition is

12  overly broad and unduly burdensome to the extent it attempts to extend the scope of these

13  interrogatories beyond that which is in the possession, custody and control of HP Inc.

14                                **RESPONSES TO INTERROGATORIES**

15  **INTERROGATORY NO. 1**:

16          IDENTIFY all COMMUNICATIONS between STANFORD and HP RELATING TO the

17  document at bates range STAN0017817-20, entitled "Assignment and Assumption of Lease."

18  **RESPONSE TO INTERROGATORY NO. 1**:

19          HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of information

20  protected by the attorney-client privilege and the work product privilege, or other applicable

21  privilege or protection (hereinafter "**Privileged Information**").  HP Inc. further objects to this

22  Interrogatory as vague and ambiguous and overbroad as no time frame has been specified.

23          This Interrogatory is unduly burdensome to the extent that Plaintiff seeks information not

24  within the possession, custody or control of  HP Inc., or seeks to compel HP Inc. to create new

25  information or documents; compliance with this Interrogatory would be unreasonably difficult and

26  expensive (hereinafter "**Non-HP Inc. Information**").

27          HP Inc. further objects to this Interrogatory as unnecessarily burdensome, overbroad,

28  oppressive, or harassing insofar as it seeks information equally available to Plaintiff from publicly

1    available sources, (hereinafter "**Public Information**").

2    HP Inc. further objects to this Interrogatory to the extent it improperly seeks premature

3    disclosure of expert witness information and documents (hereinafter "**Expert Information**").

4    HP Inc. further objects to this Interrogatory as the information in response to this

5    Interrogatory has already been provided to Plaintiff as part of HP Inc.'s Initial Disclosures, was

6    already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP Inc.,

7    and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status

8    as Property owner and lessor for the entirety of the period at issue.

9    HP Inc. further objects to this Interrogatory as unnecessarily burdensome, overbroad,

10    oppressive, or harassing insofar as it seeks information available to the Defendant from HP Inc.'s

11    Initial Disclosures.

12    Subject to and without waiver of the foregoing, HP Inc. responds that discovery continues

13    regarding this document.  The recorded December 15, 2005 Assignment and Assumption of Lease

14    from Agilent to Stanford references the November 1, 1999 Assignment of Lease (AGIL0022740-

15    0022741) as the operative document assigning HP's lease interest to Agilent.  (STAN0019021-

16    26).

17    As noted, HP Inc.'s investigation continues, and this response is based on information

18    currently available to Defendants.

19    **INTERROGATORY NO. 2:**

20    DESCRIBE HP's operations on the PROPERTY throughout the period of its tenancy.

21    **RESPONSE TO INTERROGATORY NO. 2:**

22    HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

23    **Information**, **Non-HP Inc. Information**, **Public Information**, or **Expert Information**.

24    HP Inc. further objects to this Interrogatory as the information in response to this

25    Interrogatory has already been provided to Plaintiff as part of HP Inc.'s Initial Disclosures, was

26    already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP Inc.,

27    and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status

28    as Property owner and lessor for the entirety of the period at issue.

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1    Subject to and without waiver of the foregoing, HP Inc. responds that beginning in 1970 at

2  the Property, HP's Scientific Instruments Division manufactured, developed, assembled and

3  calibrated electronic analytical instruments.

4  **INTERROGATORY NO. 3:**

5    DESCRIBE HP's closure of the sump at the PROPERTY that HP refers to as a "plating

6  sump," including but not limited to the removal or decision to leave in place any materials or

7  equipment RELATING TO the sump.

8  **RESPONSE TO INTERROGATORY NO. 3:**

9    HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

10  **Information, Non-HP Inc. Information, Public Information**, or **Expert Information**.

11    HP Inc. further objects to this Interrogatory as vague and confusing in that the

12  Interrogatory asks Defendant about the closure of the sump, and appears to conflate the sump's

13  closure with the sump's removal.  HP Inc. also objects to this Interrogatory to the extent the term

14  "closure" is meant to imply that HP Inc. operated or used the sump prior to its removal, and

15  further objects to the predicate of this Interrogatory.

16    HP Inc. further objects to this Interrogatory as the information in response to this

17  Interrogatory has already been provided to Plaintiff as part of HP Inc.'s Initial Disclosures, was

18  already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP Inc.,

19  and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status

20  as Property owner and lessor for the entirety of the period at issue.

21    Subject to and without waiver of the foregoing, HP Inc. responds that it commenced

22  closure actions in 1990 with regard to the Granger Associates plating sump.  A no further action

23  letter from the Regional Board was issued in 1998 (see AGIL0008967-9037 and AGIL0000139-

24  140).  All known documentation regarding this sump has already been provided to Plaintiff as part

25  of HP Inc.'s Initial Disclosures or was already in Plaintiff's possession.

26  **INTERROGATORY NO. 4:**

27    IDENTIFY and describe all of HP's uses of PCBs on the PROPERTY, including but not

28  limited to amounts used, locations of uses, and operations for which PCBs were used.

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1    **RESPONSE TO INTERROGATORY NO. 4:**

2        HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

3   **Information**, **Non-HP Inc. Information**, **Public Information**, or **Expert Information**.

4        HP Inc. further objects to the term "uses of PCBs on the Property" as vague and confusing

5   to the extent the Interrogatory implies that any PCB at the Property (other than what was already

6   present at the time HP assumed occupancy) was used in operations conducted by HP Inc.  HP Inc.

7   further objects to the term "operations" as vague and ambiguous.  HP Inc. further objects to this

8   Interrogatory as the information in response to this Interrogatory has already been provided to

9   Plaintiff as part of HP Inc.'s Initial Disclosures, was already in Plaintiff's possession and known to

10   Plaintiff, was provided by Plaintiff to HP, and/or is otherwise information that would be or should

11   be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the

12   period at issue.

13        Subject to and without waiver of the foregoing, HP Inc. responds that there is no evidence

14   that HP ever used PCBs for its operations on the Property.  Light ballasts installed on the Property

15   contained de minimis amounts of PCBs, as documented in manifests already provided to Plaintiff.

16   **INTERROGATORY NO. 5:**

17        DESCRIBE the activities undertaken by HP RELATING TO the 1987 grading and

18   construction project at the PROPERTY, including but not limited to stockpiling soil, moving soil,

19   offsite disposal, and COMMUNICATIONS with GOVERNMENT AGENCIES.

20   **RESPONSE TO INTERROGATORY NO. 5:**

21        HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

22   **Information**, **Non-HP Inc. Information**, **Public Information**, or **Expert Information**.

23        HP Inc. further objects to the term "activities undertaken" as vague and ambiguous and

24   also objects to the terms "stockpiling of soil, moving soil, offsite disposal" as vague and

25   contradictory in that the stockpiling of soil and the offsite disposal of soil involves the "moving"

26   of soil and thus it is unclear how to differentiate the meaning of these three terms.

27        HP Inc. further objects to this Interrogatory as the information in response to this

28   Interrogatory has already been provided to Plaintiff as part of HP's Initial Disclosures, was already

3:18-CV-01199 VC

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1  in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP, and/or is

2  otherwise information that would be or should be known to Plaintiff pursuant to its status as

3  Property owner and lessor for the entirety of the period at issue.

4         Subject to and without waiver of the foregoing, discovery is ongoing.  Plaintiff had

5  oversight and approval responsibility for construction activity undertaken at the Property.  In

6  addition to documents that were already in Plaintiff's possession, all information and documents

7  in Defendant's control pertaining to improvements undertaken on the Property in 1987 have been

8  provided to Plaintiff as part of HP's Initial Disclosures.

9  **INTERROGATORY NO. 6:**

10        IDENTIFY and describe all actions taken by HP RELATING TO waste PCBs it created at

11 the PROPERTY, including but not limited to any disposal of such waste PCBs.

12 **RESPONSE TO INTERROGATORY NO. 6:**

13        HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

14 **Information, Non-HP Inc. Information, Public Information,** or **Expert Information**.

15        HP Inc. further objects to the term "waste PCBs it created at the PROPERTY" as vague

16 and ambiguous.  To the extent the use of this term calls for a legal conclusion, HP Inc. objects in

17 that no legal citation is provided.  HP Inc. also objects to the use of the term "disposal" to the

18 extent the use of this term calls for a legal conclusion.

19        HP Inc. further objects to this interrogatory as the information in response to this

20 interrogatory has already been provided to Plaintiff as part of HP's initial disclosures, was already

21 in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP, and/or is

22 otherwise information that would be or should be known to Plaintiff pursuant to its status as

23 Property owner and lessor for the entirety of the period at issue

24        Subject to and without waiver of the foregoing, discovery is ongoing, HP is not aware of

25 "waste PCBs it created at the Property."  Information regarding de minimis amounts of PCBs

26 contained in light ballasts is provided in Response to Interrogatory No. 4.

27 **INTERROGATORY NO. 7:**

28        IDENTIFY and describe all of HP's uses of TCE on the PROPERTY, including but not

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1  limited to amounts used, locations of uses, and operations for which TCE was used.

2  **RESPONSE TO INTERROGATORY NO. 7:**

3        HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

4  **Information**, **Non-HP Inc. Information**, **Public Information**, or **Expert Information**.

5        HP Inc. further objects to the term "operations for which TCE was used" as vague and

6  ambiguous in that the term "operations" is undefined.

7        HP Inc. further objects to this Interrogatory as the information in response to this

8  Interrogatory has already been provided to Plaintiff as part of HP's Initial Disclosures, was already

9  in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP, and/or is

10  otherwise information that would be or should be known to Plaintiff pursuant to its status as

11  Property owner and lessor for the entirety of the period at issue.

12        Subject to and without waiver of the foregoing, although discovery is ongoing, all

13  information known to HP regarding uses of TCE by HP during its tenancy has been provided to

14  Plaintiff.  HP is aware of no evidence that TCE was used by HP at the Property after 1977.

15  **INTERROGATORY NO. 8:**

16        IDENTIFY and describe all actions taken by HP RELATING TO waste TCE it created at

17  the PROPERTY, including but not limited to any disposal of such waste TCE.

18  **RESPONSE TO INTERROGATORY NO. 8:**

19        HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

20  **Information**, **Non-HP Inc. Information**, **Public Information**, or **Expert Information**.

21        HP Inc. further objects to the term "waste TCE it created at the PROPERTY" as vague and

22  ambiguous.  To the extent the use of this term calls for a legal conclusion, HP Inc. objects in that

23  no legal citation is provided.  HP Inc. also objects to the use of the term "disposal" to the extent

24  the use of the term calls for a legal conclusion.

25        HP Inc. further objects to this Interrogatory as the information in response to this

26  Interrogatory has already been provided to Plaintiff as part of HP's Initial Disclosures, was already

27  in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP, and/or is

28  otherwise information that would be or should be known to Plaintiff pursuant to its status as

1  Property owner and lessor for the entirety of the period at issue.

2  Subject to and without waiver of the foregoing, although discovery is ongoing, all

3  information known to HP regarding TCE waste during its tenancy has been provided to Plaintiff.

4  **INTERROGATORY NO. 9:**

5  IDENTIFY all fixtures, equipment, materials, machinery, storage, and sumps at the

6  PROPERTY that HP owned during its tenancy.

7  **RESPONSE TO INTERROGATORY NO. 9:**

8  HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

9  **Information, Non-HP Inc. Information, Public Information**, or **Expert Information**.  HP Inc.

10  further objects to this Interrogatory as the information in response to this Interrogatory has already

11  been provided to Plaintiff as part of HP's Initial Disclosures, was already in Plaintiff's possession

12  and known to Plaintiff, was provided by Plaintiff to HP, and/or is otherwise information that

13  would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the

14  entirety of the period at issue.

15  Subject to and without waiver of the foregoing, discovery is ongoing.  HP Inc. has no

16  further information  in response to Interrogatory No. 9 other than what is contained in documents

17  that were already in Plaintiff's possession or were provided to Plaintiff as part of Responding

18  Party's Initial Disclosures.

19  **INTERROGATORY NO. 10:**

20  IDENTIFY all information RELATING TO GRANGER'S alleged use of TCE at the

21  PROPERTY.

22  **RESPONSE TO INTERROGATORY NO. 10:**

23  HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

24  **Information, Non-HP Inc. Information, Public Information**, or **Expert Information**.

25  HP Inc. further objects to this Interrogatory as the information in response to this

26  Interrogatory has already been provided to Plaintiff as part of HP's Initial Disclosures, was already

27  in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP, and/or is

28  otherwise information that would be or should be known to Plaintiff pursuant to its status as

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1 | Property owner and lessor for the entirety of the period at issue.

2 |      Subject to and without waiver of the foregoing, discovery is ongoing.  HP Inc. has no

3 | further information in response to Interrogatory No. 10 other than what was contained in

4 | documents which were already in Stanford's possession or were provided to Plaintiff by the

5 | Responding Party.

6 | **INTERROGATORY NO. 11:**

7 |      IDENTIFY all information RELATING TO GRANGER'S alleged release of TCE at the

8 | PROPERTY.

9 | **RESPONSE TO INTERROGATORY NO. 11:**

10 |      HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

11 | **Information**, **Non-HP Inc. Information**, **Public Information**, or **Expert Information**.

12 |      HP Inc. further objects to this Interrogatory as the information in response to this

13 | Interrogatory has already been provided to Plaintiff as part of HP's Initial Disclosures, was already

14 | in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP, and/or is

15 | otherwise information that would be or should be known to Plaintiff pursuant to its status as

16 | Property owner and lessor for the entirety of the period at issue.

17 |      Subject to and without waiver of the foregoing, discovery is ongoing.  Other than

18 | information contained in documents which were already in Stanford's possession, or provided to

19 | Plaintiff by Responding Party, Plaintiff, HP Inc. has no further information at this time in response

20 | to Interrogatory No. 11.

21 | **INTERROGATORY NO. 12:**

22 |      IDENTIFY all information RELATING TO GRANGER'S alleged use of PCBs at the

23 | PROPERTY.

24 | **RESPONSE TO INTERROGATORY NO. 12:**

25 |      HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

26 | **Information**, **Non-HP Inc. Information**, **Public Information**, or **Expert Information**.

27 |      HP Inc. further objects to this Interrogatory as the information in response to this

28 | Interrogatory has already been provided to Plaintiff as part of HP's Initial Disclosures, was already

1 | in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP, and/or is

2 | otherwise information that would be or should be known to Plaintiff pursuant to its status as

3 | Property owner and lessor for the entirety of the period at issue.

4 |      Subject to and without waiver of the foregoing, HP Inc. responds that discovery is

5 | ongoing.  Information from documents currently available to both Parties show that Granger's

6 | business was the design and manufacturing of a wide range of radio and microwave

7 | communication equipment and transformers, including radio frequency transformers with

8 | unprecedented range and power capacity.  Oils were used in these transformers to provide

9 | necessary cooling, and at the time of Granger's occupancy, PCB Aroclors 1260 or 1254 were used

10 | in transformer oils.[2]

11 |      In addition, development and construction plans developed by Granger for the Property,

12 | which were produced as part of the Initial Disclosure in this litigation, contain multiple references

13 | to Oil-Screened Roads.  Moreover, it is HP's understanding from information provided regarding

14 | activities conducted by Granger at the Property that all improvements undertaken by Granger at

15 | the Property required notice to or approval by Stanford in accordance with the terms of the lease

16 | and the pattern and practice of Stanford as lessor, or were otherwise done at the direction of

17 | Stanford.  Additional information in response to this Interrogatory is in documents previously

18 | provided to Stanford by Defendants or in documents already in Stanford's possession.

19 | **INTERROGATORY NO. 13:**

20 |      IDENTIFY all information RELATING TO GRANGER'S alleged release of TCE at the

21 | PROPERTY.

22 | **RESPONSE TO INTERROGATORY NO. 13:**

23 |      See Response to Interrogatory No. 11.

24 | _____

25 | [2] See, e.g. Johnson, G.W., et al., *Polychlorinated Biphenyls,* Chapter 10 in Morrison and Murphy eds. Environmental Forensics, Contaminant Specific Guide, Elsevier, Inc. (2006), U.S. Patent No.

26 | 3,454916 (issued July 8 1969) ("Transformer Core Construction," William George Hoover, assignor to Granger Associates); Granger Associates---Broadband HF Balun Transformer Model

27 | 555-8 (Nov 1966) ("Thermal Specifications—Collant, Model 520G, "Approx. 20 gal. transformer oil," Model 557, "Approx. 60 gal. transformer oil").

28 |

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

1 | **INTERROGATORY NO. 14:**

2 |     IDENTIFY all information RELATING TO STANFORD'S alleged contribution to

3 | contamination at the PROPERTY.

4 | **RESPONSE TO INTERROGATORY NO. 14:**

5 |     HP Inc. objects to this Interrogatory to the extent that it seeks disclosure of **Privileged**

6 | **Information, Non-HP Inc. Information, Public Information**, or **Expert Information**.

7 |     HP Inc. further objects to this Interrogatory as the information in response to this

8 | Interrogatory has already been provided to Plaintiff as part of HP's Initial Disclosures, was already

9 | in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to HP, and/or is

10 | otherwise information that would be or should be known to Plaintiff pursuant to its status as

11 | Property owner and lessor for the entirety of the period at issue.

12 |     Subject to and without waiver of the foregoing, HP Inc. responds that discovery is

13 | ongoing.  Information responsive to this Interrogatory is available in documents already in

14 | Stanford's possession as the Property's owner and lessor, or were provided to Plaintiff as part of

15 | Responding Party's Initial Disclosures.  Moreover, it is HP's understanding from information

16 | provided that Stanford, pursuant to a pattern and practice exhibited by Stanford, maintained and

17 | exhibited oversight, approval, and/or direction of material activities, additions, and improvements

18 | conducted by tenants occupying the Property.

19 |

20 | DATED:  December 21, 2018        MEYERS, NAVE, RIBACK, SILVER & WILSON

21 |

22 |     By: _____

23 |     Steven D. Farkas

24 |     Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs AGILENT TECHNOLOGIES, INC., and  HP INC.

25 | 3089218.1

26 |

27 |

28 |

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 707 Wilshire Blvd., 24th Floor, Los Angeles, CA 90017.

On December 21, 2018, I served true copies of the following document(s) described as **DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Meyers, Nave, Riback, Silver & Wilson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address pmcnulty@meyersnave.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 21, 2018, at Los Angeles, California.

_____
Patricia Anne McNulty

3:18-CV-01199 VC

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

**SERVICE LIST**
*The Board of Trustees of the Leland Stanford Junior University*
*v Agilent Technologies, Inc. et al.*
**3:18-cv-01199**

| | |
|---|---|
| Christopher P. Berka, Esq.<br>Marina Alanna Gatto, Esq.<br>Winnie W. Hung, Esq.<br>Perkins Coie LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304-1212 | Attorneys for Plaintiffs THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY<br><br>Telephone:    (650) 838-4300<br>Facsimile:    (650) 838-4350<br>email:          cberka@perkinscoie.com<br>                    mgatto@perkinscoie.com<br>                    whung@perkinscoie.com |
| Meredith Weinberg, Esq.<br>Perkins Coie LLP<br>1201 Third Avenue<br>Seattle, WA 98101 | Attorneys for Plaintiffs THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY<br><br>Telephone:    (206) 359-3229<br>Facsimile:    (206) 359-4229<br>email:          mweinberg@perkinscoie.com |
| Gerald P. Greiman, Esq.<br>Kathleen M. Whitby, Esq.<br>Spencer Fane LLP<br>1 North Brentwood, Suite 1000<br>St. Louis, Missouri 63105 | Attorneys for NOKIA OF AMERICA CORPORATION<br><br>Telephone:    (314) 863-7733<br>Facsimile:    (314) 862-4656<br>Email:          ggreiman@spencerfane.com<br>                    kwhitby@spencerfane.com |
| Lily N. Chinn, Esq.<br>Katten Muchin Rosenman LLP<br>1999 Harrison Street, Suite 700<br>Oakland, California 94612-4704 | Attorneys for NOKIA OF AMERICA CORPORATION<br><br>Telephone:    (415) 293-5810<br>Facsimile:    (415) 520-5747<br>Email:          lily.chinn@kattenlaw.com |
| Bryan K. Brown, Esq.<br>Katten Muchin Rosenman LLLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, California 90067 | Attorneys for NOKIA OF AMERICA CORPORATION<br><br>Telephone:    (310) 788-4496<br>Facsimile:    (310) 788-4471<br>Email:          bryan.brown@kattenlaw.com |

3:18-CV-01199 VC

DEFENDANT HP INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)