# EXHIBIT E

1  Joshua A. Bloom (SBN: 183358)
   jbloom@meyersnave.com
2  Steven Farkas (SBN: 159470)
   sfarkas@meyersnave.com
3  Vidya Venugopal (SBN: 310172)
   vvenugopal@meyersnave.com
4  MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
5  Oakland, California 94607
   Telephone: (510) 808-2000
6  Facsimile:  (510) 444-1108

7  Attorneys for Defendants, Counterclaimants,
   and Third-Party Plaintiffs AGILENT
8  TECHNOLOGIES, INC., and HP INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>　　　　Plaintiff and Counter Defendant,<br>　　v.<br><br>AGILENT TECHNOLOGIES, INC., a Delaware corporation; HEWLETT-PACKARD COMPANY, a California corporation; HEWLETT-PACKARD COMPANY, a Delaware corporation; and HP INC., a Delaware corporation,<br><br>　　　　Defendants and Counterclaimants,<br><br>AGILENT TECHNOLOGIES, INC., a Delaware corporation; and HP INC., a Delaware corporation,<br><br>　　　　Defendants, Counterclaimants and Third-Party Plaintiffs,<br>　　v.<br><br>NOKIA OF AMERICA CORPORATION, a Delaware corporation; and DOES 1 through 25 inclusive,<br><br>　　　　Third-Party Defendant. | Case No. 3:18-CV-01199 VC<br><br>**DEFENDANT AGILENT TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)** |

---

3:18-CV-01199 VC
AGILENT TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | PLAINTIFF THE BOARD OF TRUSTEES OF THE LELAND |
| 2 | | STANFORD JUNIOR UNIVERSITY |
| 3 | RESPONDING PARTY: | DEFENDANT AGILENT TECHNOLOGIES, INC. |
| 4 | SET NO.: | ONE (1) |

Defendant Agilent Technologies, Inc. ("Agilent" or "Responding Party"), pursuant to the Federal Rules of Civil Procedure ("FRCP") 26 and 33, hereby responds to the Interrogatories ("Interrogatories" or individually "Interrogatory") propounded by Plaintiff The Board of Trustees of the Leland Stanford Junior University ("Stanford" or "Propounding Party") as follows:

## PRELIMINARY STATEMENT AND OBJECTIONS

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's First Set of Interrogatories. Responding Party has not completed its investigation of the facts relating to this case, its discovery, or its preparation for trial. All responses and objections contained herein are based only upon information that is presently available to and specifically known by Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered information. Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

In responding to these Interrogatories, Agilent does not concede the relevancy or materiality of the Interrogatories or of the subject matter to which the Interrogatories refer.

Plaintiff has also served a separate First Set of Interrogatories on HP Inc. To the extent the Interrogatories herein seek information from HP Inc., HP Inc.'s response is provided in its

1  separate Response to Stanford's First Set of Interrogatories.

2  These responses are made solely for and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, admissibility, attorney-client privilege and attorney work product), which would require the exclusion of any statement contained herein if the Interrogatories were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

Inadvertent identification or production of privileged writings or information by Responding Party is not a waiver of any applicable privilege. Production of writings or information does not waive any objection, including, but not limited to, relevancy, to the admission of such writings in evidence.

Agilent objects to these Interrogatories to the extent that they seek information protected or privileged under the law, whether under the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or protection. Such information will not be provided.

Agilent objects to these Interrogatories to the extent that they seek documents that are not within the possession, custody or control of Agilent.

Agilent objects to the instructions and definitions set forth in the Interrogatories to the extent they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and applicable law.

Agilent expressly incorporates each of the foregoing General Objections into each specific objection and response to the Interrogatories set forth below as if set forth in full therein. Agilent reserves all rights to object on any ground to the use of any of these responses provided in any subsequent proceeding, including the trial of this or any other action. These general objections are specifically incorporated in each of the responses provided, whether or not separately set forth herein. Furthermore, when Agilent specifically repeats one or more of these general objections in response to a specific Interrogatory, such a specific response shall not be deemed a waiver of these general objections.

Without waiver of the foregoing, Agilent further responds and objects as follows:

## OBJECTIONS TO DEFINITIONS

Agilent objects to the definition of the terms "YOU" and "YOUR" as vague and ambiguous and not tailored to the claims and defenses in this case, particularly regarding the terms "agents," "representatives," and the phrase "persons acting on their behalf." The definition is overly broad and unduly burdensome to the extent it attempts to extend the scope of these interrogatories beyond that which is in the possession, custody and control of Agilent.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all COMMUNICATIONS between STANFORD and AGILENT RELATING TO the document at bates range STAN0017817-20, entitled "Assignment and Assumption of Lease."

**RESPONSE TO INTERROGATORY NO. 1:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege and the work product privilege, or other applicable privilege or protection (hereinafter "**Privileged Information**"). Agilent further objects to this Interrogatory as vague and ambiguous and overbroad as no time frame has been specified.

This Interrogatory is unduly burdensome to the extent that Plaintiff seeks information not within the possession, custody or control of Agilent, or seeks to compel Agilent to create new information or documents; compliance with this Interrogatory would be unreasonably difficult and expensive (hereinafter "**Non-Agilent Information**").

Agilent further objects to this Interrogatory as unnecessarily burdensome, overbroad, oppressive, or harassing insofar as it seeks information equally available to Plaintiff from publicly available sources, (hereinafter "**Public Information**").

Agilent further objects to this Interrogatory to the extent it improperly seeks premature disclosure of expert witness information and documents (hereinafter "**Expert Information**").

Agilent further objects to this Interrogatory because it seeks information that is, or should be, in Plaintiff's custody and control insofar as Plaintiff is a signatory to this document and the

owner of the Property that is the subject of the document.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Agilent further objects to this Interrogatory as unnecessarily burdensome, overbroad, oppressive, or harassing insofar as it seeks information available to the Defendant from Agilent's Initial Disclosures.

Subject to and without waiver of the foregoing, Agilent responds that discovery continues regarding this document. The recorded December 15, 2005 Assignment and Assumption of Lease from Agilent to Stanford references the November 1, 1999 Assignment of Lease (AGIL0022740-0022741) as the operative document assigning HP's lease interest to Agilent. (STAN0019021-26).

As noted, Agilent's investigation continues, and this response is based on information currently available to Defendants.

**INTERROGATORY NO. 2:**

DESCRIBE AGILENT's operations on the PROPERTY throughout the period of its tenancy.

**RESPONSE TO INTERROGATORY NO. 2:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information**, **Non-Agilent Information**, **Public Information**, or **Expert Information**.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, Agilent responds that it manufactured,

developed, assembled, and calibrated electronic analytical instruments.

**INTERROGATORY NO. 3:**

IDENTIFY and describe all of AGILENT's uses of PCBs on the PROPERTY, including but not limited to amounts used, locations of uses, and operations for which PCBs were used.

**RESPONSE TO INTERROGATORY NO. 3:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information**, **Non-Agilent Information**, **Public Information**, or **Expert Information**.

Agilent further objects to the term "uses of PCBs on the Property" as vague and confusing to the extent the Interrogatory implies that any PCB at the Property (other than what was already present at the time Agilent assumed occupancy) was used in operations conducted by Agilent. Agilent further objects to the term "operations" as vague and ambiguous, and to the predicate of this Interrogatory. Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, Agilent responds that there is no evidence that Agilent ever used PCBs for its operations on the Property.

**INTERROGATORY NO. 4:**

IDENTIFY and describe all actions taken by AGILENT RELATING TO waste PCBs it created at the PROPERTY, including but not limited to any disposal of such waste PCBs.

**RESPONSE TO INTERROGATORY NO. 4:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information**, **Non-Agilent Information**, **Public Information**, or **Expert Information**.

Agilent further objects to the term "waste PCBs it created at the PROPERTY" as vague and ambiguous, and to the predicate of this Interrogatory. To the extent the use of this term calls for a legal conclusion, Agilent objects in that no legal citation is provided. Agilent also objects to the use of the term "disposal" to the extent the use of this term calls for a legal conclusion.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's initial disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, Agilent is not aware of "waste PCBs it created at the Property." See Response to Interrogatory No. 3.

**INTERROGATORY NO. 5:**

IDENTIFY and describe all of AGILENT's uses of TCE on the PROPERTY, including but not limited to amounts used, locations of uses, and operations for which TCE was used.

**RESPONSE TO INTERROGATORY NO. 5:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information**, **Non-Agilent Information**, **Public Information**, or **Expert Information**.

Agilent further objects to the term "operations for which TCE was used" as vague and ambiguous in that the term "operations" is undefined, and to the predicate of this Interrogatory.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, although discovery is ongoing, Agilent is aware of no evidence that TCE was used at the Property during its tenancy.

**INTERROGATORY NO. 6:**

IDENTIFY and describe all actions taken by AGILENT RELATING TO waste TCE it created at the PROPERTY, including but not limited to any disposal of such waste TCE.

**RESPONSE TO INTERROGATORY NO. 6:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information**, **Non-Agilent Information**, **Public Information**, or **Expert Information**.

Agilent further objects to the term "waste TCE it created at the PROPERTY" as vague and ambiguous, and to the predicate of this Interrogatory. To the extent the use of this term calls for a legal conclusion, Agilent objects in that no legal citation is provided. Agilent also objects to the use of the term "disposal" to the extent the use of the term calls for a legal conclusion.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, although discovery is ongoing, all information known to Agilent regarding TCE waste during its tenancy has been provided to Plaintiff.

**INTERROGATORY NO. 7:**

IDENTIFY all fixtures, equipment, materials, machinery, storage, and sumps at the PROPERTY that AGILENT owned during its tenancy.

**RESPONSE TO INTERROGATORY NO. 7:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information**, **Non-Agilent Information**, **Public Information**, or **Expert Information**.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, discovery is ongoing. Agilent has no further information in response to Interrogatory No. 7 other than what is contained in documents that were already in Plaintiff's possession or were provided to Plaintiff as part of Responding Party's Initial Disclosures.

**INTERROGATORY NO. 8:**

IDENTIFY all information RELATING TO GRANGER'S alleged use of TCE at the PROPERTY.

**RESPONSE TO INTERROGATORY NO. 8:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information**, **Non-Agilent Information**, **Public Information**, or **Expert Information**.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, discovery is ongoing. Agilent has no further information in response to Interrogatory No. 8 other than what was contained in documents which were already in Stanford's possession or were provided to Plaintiff by Responding Party.

**INTERROGATORY NO. 9:**

IDENTIFY all information RELATING TO GRANGER'S alleged release of TCE at the PROPERTY.

**RESPONSE TO INTERROGATORY NO. 9:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information**, **Non-Agilent Information**, **Public Information**, or **Expert Information**.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, discovery is ongoing. Other than information contained in documents which were already in Stanford's possession, or provided to

1  Plaintiff by Responding Party, Agilent has no further information at this time in response to
2  Interrogatory No. 9.

**INTERROGATORY NO. 10:**

IDENTIFY all information RELATING TO GRANGER'S alleged use of PCBs at the PROPERTY.

**RESPONSE TO INTERROGATORY NO. 10:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information, Non-Agilent Information, Public Information,** or **Expert Information**.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, Agilent responds that discovery is ongoing. Information from documents currently available to both parties show that Granger's business was the design and manufacturing of a wide range of radio and microwave communication equipment and transformers, including radio frequency transformers with unprecedented range and power capacity. Oils were used in these transformers to provide necessary cooling, and at the time of Granger's occupancy, PCB Aroclors 1260 or 1254 were used in transformer oils.[1]

In addition, development and construction plans developed by Granger for the Property, which were produced as part of the Initial Disclosures in this litigation, contain multiple references to Oil-Screened Roads. Moreover, it is Agilent's understanding from information provided regarding activities conducted by Granger at the Property that all improvements undertaken by

---

[1] See, e.g. Johnson, G.W., et al., *Polychlorinated Biphenyls,* Chapter 10 in Morrison and Murphy eds. Environmental Forensics, Contaminant Specific Guide, Elsevier, Inc. (2006), U.S. Patent No. 3,454916 (issued July 8 1969) ("Transformer Core Construction," William George Hoover, assignor to Granger Associates); Granger Associates---Broadband HF Balun Transformer Model 555-8 (Nov 1966) ("Thermal Specifications---Collant, Model 520G, "Approx. 20 gal. transformer oil," Model 557, "Approx. 60 gal. transformer oil").

1 Granger at the Property required notice to or approval by Stanford in accordance with the terms of
2 the lease and the pattern and practice of Stanford as lessor, or were otherwise done at the direction
3 of Stanford.  Additional information in response to this Interrogatory is in documents previously
4 provided to Stanford by Responding Party or in documents already in Stanford's possession.

**INTERROGATORY NO. 11:**

IDENTIFY all information RELATING TO GRANGER'S alleged release of TCE at the PROPERTY.

**RESPONSE TO INTERROGATORY NO. 11:**

See Response to Interrogatory No. 9.

**INTERROGATORY NO. 12:**

IDENTIFY all information RELATING TO STANFORD'S alleged contribution to contamination at the PROPERTY.

**RESPONSE TO INTERROGATORY NO. 12:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information**, **Non-Agilent Information**, **Public Information**, or **Expert Information**.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, Agilent responds that discovery is ongoing. Information responsive to this Interrogatory is available in documents already in Stanford's possession as the Property's owner and lessor, or were provided to Plaintiff as part of Responding Party's Initial Disclosure.  Moreover, it is Agilent's understanding from information provided that Stanford, pursuant to a pattern and practice exhibited by Stanford, maintained and exhibited oversight, approval, and/or direction of material activities, additions, and improvement conducted by tenants occupying the Property.

**INTERROGATORY NO. 13:**

IDENTIFY all documents that were provided to STANFORD or made available for inspection by STANFORD pursuant to Section 4.4 of the May 20, 2004 Option and Purchase Agreement, at bates range STAN0018773-STAN0018815.

**RESPONSE TO INTERROGATORY NO. 13:**

Agilent objects to this Interrogatory to the extent that it seeks disclosure of **Privileged Information**, **Non-Agilent Information**, **Public Information**, or **Expert Information**.

Agilent further objects to this Interrogatory as the information in response to this Interrogatory has already been provided to Plaintiff as part of Agilent's Initial Disclosures, was already in Plaintiff's possession and known to Plaintiff, was provided by Plaintiff to Agilent, and/or is otherwise information that would be or should be known to Plaintiff pursuant to its status as Property owner and lessor for the entirety of the period at issue.

Subject to and without waiver of the foregoing, discovery is ongoing. Other than information contained in documents which were already in Stanford's possession, or provided to Plaintiff by Responding Party, Agilent has no further information at this time in response to Interrogatory No. 13.

DATED: December 21, 2018

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
Steven D. Farkas
Attorneys for Defendants, Counterclaimants, and Third-Party Plaintiffs AGILENT TECHNOLOGIES, INC., and HP INC.

3079385.1

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 707 Wilshire Blvd., 24th Floor, Los Angeles, CA 90017.

On December 21, 2018, I served true copies of the following document(s) described as **DEFENDANT AGILENT TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Meyers, Nave, Riback, Silver & Wilson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address pmcnulty@meyersnave.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 21, 2018, at Los Angeles, California.

Patricia Anne McNulty

# SERVICE LIST
*The Board of Trustees of the Leland Stanford Junior University*
*v Agilent Technologies, Inc. et al.*
3:18-cv-01199

| | |
|---|---|
| Christopher P. Berka, Esq.<br>Marina Alanna Gatto, Esq.<br>Winnie W. Hung, Esq.<br>Perkins Coie LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304-1212 | Attorneys for Plaintiffs THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY<br><br>Telephone: (650) 838-4300<br>Facsimile: (650) 838-4350<br>email: cberka@perkinscoie.com<br>mgatto@perkinscoie.com<br>whung@perkinscoie.com |
| Meredith Weinberg, Esq.<br>Perkins Coie LLP<br>1201 Third Avenue<br>Seattle, WA 98101 | Attorneys for Plaintiffs THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY<br><br>Telephone: (206) 359-3229<br>Facsimile: (206) 359-4229<br>email: mweinberg@perkinscoie.com |
| Gerald P. Greiman, Esq.<br>Kathleen M. Whitby, Esq.<br>Spencer Fane LLP<br>1 North Brentwood, Suite 1000<br>St. Louis, Missouri 63105 | Attorneys for NOKIA OF AMERICA CORPORATION<br><br>Telephone: (314) 863-7733<br>Facsimile: (314) 862-4656<br>Email: ggreiman@spencerfane.com<br>kwhitby@spencerfane.com |
| Lily N. Chinn, Esq.<br>Katten Muchin Rosenman LLP<br>1999 Harrison Street, Suite 700<br>Oakland, California 94612-4704 | Attorneys for NOKIA OF AMERICA CORPORATION<br><br>Telephone: (415) 293-5810<br>Facsimile: (415) 520-5747<br>Email: lily.chinn@kattenlaw.com |
| Bryan K. Brown, Esq.<br>Katten Muchin Rosenman LLLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, California 90067 | Attorneys for NOKIA OF AMERICA CORPORATION<br><br>Telephone: (310) 788-4496<br>Facsimile: (310) 788-4471<br>Email: bryan.brown@kattenlaw.com |