UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>        Plaintiff,<br><br>    v.<br><br>AGILENT TECHNOLOGIES, INC., et al.,<br><br>        Defendants. | Case No. 18-cv-01199-VC<br><br>**ORDER RE MOTION FOR RECONSIDERATION AND MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>Re: Dkt. Nos. 149, 235, 249 |

I.

The motion for reconsideration of the Court's July 17, 2020 order, Dkt. No. 149, is granted in part and denied in part. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

It was clear error to grant summary judgment as to Agilent's affirmative defenses when Stanford only moved for summary judgment as to HP's affirmative defenses. Agilent has only moved to reinstate its seventeenth (waiver and estoppel), eighteenth (assumption of risk) and thirty-fourth (release or waiver) affirmative defenses. Those defenses are reinstated as to Agilent. It bears repeating, however, that the jury will not receive an instruction on a defense that is inapt or for which there is no evidence.

It was not clear error to grant summary judgment on HP's assumption of risk defense, but

the Court clarifies the scope of its prior order. The Court granted summary judgment as to HP's potential assertion of a *contractual* or *primary* assumption of risk defense, and that decision was correct. *Secondary* assumption of risk, in contrast, is merely a "form of comparative negligence," not a separate affirmative defense. *Truong v. Nguyen*, 156 Cal. App. 4th 865, 878 (2007). As part of HP's comparative negligence defense, HP may present evidence of Stanford's secondary assumption of risk. Consistent with the Court's prior order, HP may argue at trial that Stanford bears some responsibility for the clean-up because it knew about the contamination and allowed it to happen. HP may also argue that Stanford's damages should be offset by the $7 million discount it allegedly received on the purchase of the ground lease to account for the contamination. Standing alone, however, Stanford's decision to buy back the lease early is not a form of secondary assumption of risk or comparative negligence. Stanford already owned the contaminated land; its decision to buy back the ground lease early did not expose Stanford to any additional risk. *Compare to T.H.S. Northstar Associates v. W.R. Grace & Co.*, 66 F.3d 173, 175 (8th Cir. 1995) (discussing secondary assumption of risk where the plaintiff purchased a building "knowing that its fireproofing contained asbestos").

II.

For the reasons discussed at the hearing, the Court will rule on the motion for determination of good faith settlement during or immediately after trial.

**IT IS SO ORDERED.**

Dated: September 2, 2022

VINCE CHHABRIA
United States District Judge